[Nos. 11531, 11360.   Department One.   December 19, 1913.]

THE STATE OF WASHINGTON, *on the Relation of Petrine DeSoucy et al., Plaintiff*, v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY, *Respondent.*

THE STATE OF WASHINGTON, *on the Relation of John Lee et al., Plaintiff*, v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY, *Respondent.*[1]

EMINENT DOMAIN—DELEGATION OF POWER—TELEPHONE AND TELE-GRAPH COMPANIES—STATUTES—CONSTRUCTION.   Const., art. 12, § 19, and Rem. & Bal. Code, § 9304, requiring railroad companies to allow telegraph and telephone companies to maintain lines on the railroad right of way, and authorizing such companies to enter upon and appropriate portions of the right of way of a railroad company not interfering with the operation of the railroad, do not limit such companies to the use of railroad rights of way, when they were, by the same sections, given the right of eminent domain generally as to lands "actually necessary" for the line; hence they may condemn a strip of land privately owned, although it is adjacent to a railroad right of way.

[1]Reported in 137 Pac. 311.

Certiorari to review judgments of the superior court for Snohomish county, Alston, J., entered June 19 and September 8, 1913, adjudging a public use and necessity in condemnation proceedings. Affirmed.

*Vince H. Faben,* for relators.

*Otto B. Rupp,* for respondent.

MAIN, J.—The purpose of these actions was to condemn a right of way through private property to be used for the erection of a telephone line.

The Pacific Telephone & Telegraph Company instituted proceedings for the purpose of condemning a strip of land ten feet wide through the lands of the relators John Lee and Lillian Lee, his wife, in the one case, and a strip of the same width through the lands of the relators Petrine DeSoucy and J. A. DeSoucy, her husband, in the other case. The strips sought to be condemned are, in each case, adjacent to the right-of-way of the Great Northern Railway Company. To the petitions filed by the telephone company in the superior court, demurrers were interposed upon the ground that the petitions did not state facts sufficient to constitute a cause of action. These demurrers were overruled. Thereafter hearings were had and adjudications of public use and necessity entered in both cases. And in each case it was ordered that a jury should be impaneled to assess the damages accruing to the owners and to all others interested in the lands described for the taking or injuriously affecting the same. For the purpose of reviewing these adjudications and orders, the causes were brought to this court by writs of certiorari, and were here heard together.

The relators claim that the telephone company has no right to condemn a right of way for a telephone line through private property alongside of a railroad right of way where there is space available within the right of way of the railroad sufficient for the use of the telephone company without substantial injury to the operation of either the railroad or

the telephone system. In support of this contention, reliance is placed upon § 19 of art. 12 of the constitution of the state of Washington, and §§ 9302, 9304, and 9314 of Rem. & Bal. Code (P. C. 405 § 263; 171 § 297; 405 § 267).

Section 19 of article 12 of the constitution provides:

"Any association or corporation, or the lessees or managers thereof, organized for the purpose, or any individual, shall have the right to construct and maintain lines of telegraph and telephone within this state, and said companies shall receive and transmit each other's messages without delay or discrimination, and all of such companies are hereby declared to be common carriers and subject to legislative control. Railroad corporations organized or doing business in this state shall allow telegraph and telephone corporations and companies to construct and maintain telegraph lines on and along the rights-of-way of such railroads and railroad companies, and no railroad corporation organized or doing business in this state shall allow any telegraph corporation or company any facilities, privileges, or rates for transportation of men or material or for repairing their lines not allowed to all telegraph companies. The right of eminent domain is hereby extended to all telegraph and telephone companies. The legislature shall, by general law of uniform operation, provide reasonable regulations to give effect to this section."

By this section of the constitution, telegraph and telephone companies are given the right to construct and maintain telegraph and telephone lines within this state; they are also given the privilege of constructing and maintaining telegraph lines upon the rights of way of railroad corporations organized or doing business in this state; and the right of eminent domain is extended to them. For the purpose of making effective this section of the constitution, the legislature enacted, among others, the sections of the statute above mentioned.

With respect to the exercise of the right of eminent domain by telegraph and telephone companies, the statutes, Rem. & Bal. Code, § 9300 (P. C. 405 § 259), provide:

"The right of eminent domain is hereby extended to all telegraph and telephone corporations and companies organized or doing business in the state."

The section of the statutes which requires railroad companies to allow telephone and telegraph companies to construct and maintain telegraph and telephone lines upon their rights of way (Rem. & Bal. Code, § 9302; P. C. 405 § 263) is in the following language:

"Every railroad operated in this state, and carrying freight and passengers for hire, or doing business in this state, is and shall be designated a 'postroad,' and the corporation or company owning the same shall allow telegraph and telephone companies to construct and maintain telegraph and telephone lines on and along the right of way of such railroad."

The extent of the right of telegraph and telephone companies to appropriate lands and property for the purpose of constructing telephone and telegraph lines is provided for by Rem. & Bal. Code, § 9304 (P. C. 171 § 297), which is as follows:

"Such telegraph or telephone company may appropriate so much land as may be actually necessary for its line of telegraph or telephone, with the right to enter upon lands immediately adjacent thereto, for the purpose of constructing, maintaining, and operating its line and making all necessary repair. Such telegraph or telephone company may also, for the purpose aforesaid, enter upon and appropriate such portion of the right of way of any railroad company as may be necessary for the construction, maintenance, and operation of its telegraph or telephone line: Provided, however, that such appropriation shall not obstruct such railroad or the travel thereupon, nor interfere with the operation of such railroad."

It will be noted that the section last quoted gives to telephone and telegraph companies the right to appropriate so much land as may be actually necessary for its telegraph or telephone lines. They are not limited to any particular lands nor to lands in any particular locality. In addition to the right to appropriate lands generally that are actually

necessary for the construction and maintenance of their lines, they are given the additional privilege, if they shall not obstruct or interfere with the operation of railroads or the travel thereon, of entering upon and appropriating a portion of the right of way of any railroad company for such uses. It seems plain that it was not the intention, either by the constitution or the statutes, to limit telegraph and telephone companies to the use of rights of way of railroad companies for these purposes, either absolutely or if it should be reasonably convenient for them to do so; but rather it was the intention to make absolute the right to so use the rights of way of railroads should they desire to avail themselves of it. In other words, they are given the right generally to appropriate any lands actually necessary for their lines, and in addition, the specific right, subject to certain conditions, of using portions of the rights of way of railroad companies for such uses. This being true, the respondent had the right to condemn lands actually necessary for a right of way for its proposed telephone line, even though the lands sought to be appropriated lie adjacent to the right of way of a railroad company.

The judgments and orders of the superior court in both causes are therefore affirmed.

CROW, C. J., ELLIS, GOSE, and CHADWICK, JJ., concur.